UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-559 |
| | ) |
| PARALLEL EMPLOYMENT GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Stephanie Patterson ("Patterson"), brings this action against Defendant, Parallel Employment Group, Inc., ("Parallel"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, and the Indiana common law for unjust enrichment.

## **PARTIES**

1.     Patterson has resided within the Southern District of Indiana at all relevant times.

2.     Parallel has operated and conducted business within the Southern District of Indiana, at all relevant times.

## **JURISDICTION AND VENUE**

3.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b), and supplemental jurisdiction over all additional claims pursuant to 28 U.S.C. § 1367.

4.     Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

5.     Patterson was an "employee" within the meaning of 29 U.S.C. § 203(e).

6.     Venue is proper in this Court.

1

## FACTUAL ALLEGATIONS

7.     Patterson worked as a substitute teacher for Indianapolis Public Schools ("IPS") for approximately fifteen (15) years.

8.     In or about February 2016, IPS's substitute teaching staff, including Patterson, were informed that the school district intended to outsource their positions.  Thereafter, and in or about March, 2016, Parallel was awarded the contract outsourcing the management of IPS's substitute teacher needs.

9.     On or about March 15, 2016, Patterson traveled to Parallel's local office, filled out her application, provided identifying documents, and, importantly, filled out a direct deposit form to have her wages put into her PNC checking account.  Additionally, Patterson provided a voided check that was pre-marked with the routing and account numbers for her PNC checking account.

10.     Patterson was hired by Parallel to provide substitute teacher services to IPS.

11.     For the time period from March 2016 to July 2019, Patterson provided substitute teacher services on behalf of Parallel at IPS schools.  Yet, her wages were never deposited into the PNC account that she had instructed Parallel to use.

12.     Instead, Parallel, without Patterson's consent or knowledge, had opened up a prepaid account with Global Pay Card on Patterson's behalf that required the use of a paycard. Patterson was not provided with access to this prepaid account at the time it was established.

13.     For the time period of April 2016 to June 2019, Patterson earned approximately $39,453.30 working for Parallel.  All of Patterson's earnings were deposited into the illegal paycard account.

2

14.     In or about July 2019, Patterson became aware that she was not receiving the pay that she was owed and inquired of Parallel as to where her funds were.

15.     Thereafter, Patterson confronted Parallel's local branch manager, Justin Moore, about not having received her wages.  When he went to check Patterson's personnel file, Moore discovered the PNC direct deposit form dated March 15, 2016, signed by Patterson.  He also found the voided check she had provided.

16.     Later, Patterson received, via certified mail, an alleged copy of an authorization to be paid by prepaid card from Parallel.  This document has a forged, electronically produced version of Patterson's signature. Patterson disputes that it was her signature or that she had ever seen the form.

17.     In July and August, 2019, Patterson complained to Parallel that she had never been paid for the thousands of hours of work she had provided to it, including, at the very least, at minimum wage rates.  Additionally, Patterson filed a police report, FBI report, and a claim with the Consumer Financial Protection Bureau for failure to pay wages.

18.     Patterson's complaints concerning not being paid, at least minimum wage, for any hours worked is statutorily protected conduct under the FLSA.

19.     Due to Patterson's complaints, Meta Bank issued a convenience check to her in mid August, 2019.

20.     In late August, 2019, Patterson was deactivated from her current assignment and put on indefinite suspension, which was effectively a termination.

21.     Parallel has retaliated against Patterson for complaining that she had never been paid in violation of the FLSA.

22.      Parallel violated the Electronic Funds Transfer Act, 15 U.S.C. 1693 *etc. seq.*, and Regulation E, 12 C.F.R § 1005.1 *etc seq*., by refusing to allow Patterson any option to receive her payroll, other than paycard, when it ignored her direct deposit instructions.

23.      By not following Patterson's direct deposition instructions, Parallel failed to pay her wages and violated the FLSA's regulations regarding the timely payment of at least minimum wage.

24.      Defendant's use and retention of Patterson's wages without proper and agreed upon payment to her was unjust.

25.      Patterson has suffered injury as a result of Defendants unlawful actions.

### COUNT I - FAIR LABOR STANDARDS ACT

26.      Patterson hereby incorporates paragraphs 1-25 of her Complaint.

27.      Defendant has failed to timely compensate Patterson at a rate of at least minimum wage.

28.      Defendant's actions have been intentional, willful, and in reckless disregard of Patterson's rights as protected by the FLSA.

### COUNT II – FAIR LABOR STANDARDS ACT RETALIATION

29.      Patterson hereby incorporates paragraphs 1-28 of her Complaint.

30.      Patterson complained to Parallel, as well as IMPD, the FBI, and the CFPB, on several occasions about not being paid for the time she worked.  Patterson's complaints were statutorily protected conduct.

31.      Parallel effectively terminated Patterson in late August, 2019, because of her statutorily protected conduct.

32.     Defendant's actions have been intentional, willful, and in reckless disregard of Patterson's rights as protected by the FLSA.

## COUNT III - UNJUST ENRICHMENT

33.     Patterson hereby incorporates paragraphs 1-32 of her Complaint.

34.     Defendant has been unjustly enriched at Patterson's expense in violation of Indiana common law.

## REQUESTED RELIEF

WHEREFORE, Stephanie Patterson, by counsel, respectfully requests that this Court find for her and order that:

1.     Defendant pay lost wages to Patterson;

2.     Defendant reinstate Patterson or pay her front pay in lieu thereof;

3.     Defendant pay liquidated damages to Patterson;

4.     Defendant pay compensatory damages to Patterson;

5.     Defendant pay punitive damages to Patterson;

6.     Defendant pay all wages to Patterson for which Defendant have been unjustly enriched;

7.     Defendant pay pre- and post-judgment interest to Patterson;

8.     Defendant pay Patterson's attorneys' fees and costs incurred in litigating this action; and

9.     Defendant pay to Patterson any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
Shannon L. Melton, Attorney No. 29380-49
Samuel M. Adams, Attorney No. 28437-49
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, Stephanie Patterson, by counsel, respectfully requests a jury trial for all issues deemed triable.


Respectfully submitted,


John H. Haskin, Attorney No. 7576-49


JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:         jhaskin@jhaskinlaw.com
Email:         smelton@jhaskinlaw.com
Email:         sadams@jhaskinlaw.com