UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHANIE PATTERSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:20-cv-559-RLY-MG |
| PARALLEL EMPLOYMENT GROUP, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## **ORDER**

Pending before the Court is *pro se* Plaintiff Stephanie Patterson's "Motion to Modify Scheduling Order," [Filing No. 140], which Defendant Parallel Employment Group, Inc. opposes, [Filing No. 141].

Plaintiff asks to the Court to reset the deadline for completing "all remaining discovery" from July 16, 2021 to "30 days after the Court's issuance of a decision on the pending Motion for Judgment on the Pleadings filed by Defendant." [Filing No. 140.]  In support, Plaintiff says that she "has three subpoenas for documents outstanding which may require additional discovery actions," [Filing No. 140], and notes that the Court has stayed the deadline for filing dispositive motions until after the Court rules on Defendant's Motion for Judgment on the Pleadings, [Filing No. 90; Filing No. 117].

In response, Defendant argues that Plaintiff's Motion does not establish "good cause," as required under Fed. R. Civ. P. 16, and contends that Plaintiff has not been diligent in completing discovery. [Filing No. 141 at 1-2].  Defendant says that Plaintiff's outstanding subpoenas concern non-expert, liability, expert, or damages discovery and therefore the time for completing this discovery expired well before Plaintiff filed her Motion. [Filing No. 141 at 2.]  Defendant also

alleges that after her counsel withdrew from the case, Plaintiff "has made no efforts to pursue additional discovery."  [Filing No. 141 at 2.]

When Plaintiff was still represented by counsel, the Court entered a Case Management Plan Order, [Filing No. 20], indicating that the parties anticipated dispositive motions would be filed, and therefore the case was assigned to "Track 2."  [Filing No. 20 at 5.]  The Court set a deadline of January 18, 2021 for completing non-expert and liability discovery, and a dispositive motion deadline of March 16, 2021.  [Filing No. 20 at 5.]  The deadline to complete expert and damages was set for June 16, 2021, and the deadline to complete "[a]ll remaining discovery" was set for July 16, 2021—*i.e.*, four months after the filing of dispositive motions.  [Filing No. 20 at 5.]  The Court subsequently extended the deadline to complete non-expert and liability discovery to February 18, 2021.  [Filing No. 101.]

At Defendant's request, in February 2021, the Court entered an Order providing that "[t]he dispositive motion deadline is held in abeyance until this Court issues a decision on the currently pending Motion for Judgment on the Pleadings," and further that "the parties shall have 30 days from the date of the decision to file any dispositive motions" should any claims remain.  [Filing No. 117.]  The Order also provided that "[n]o other deadlines set forth in the Case Management Plan are altered or amended."  [Filing No. 117.]

Upon a showing of "good cause," courts should modify case management plans.  Fed. R. Civ. P. 16(b)(4).  *See also* Local Rule 16-1(f) ("Absent court order, deadlines established in any order or pretrial entry under this rule may not be altered unless the parties and the court agree, or for good cause shown.").  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted).  In other words, "the good cause standard is met when

2

the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Stewardson v. Cass Cty.*, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020).

Plaintiff's counsel withdrew from this case in July 2020.  [Filing No. 47.]  The Court held a discovery conference on September 30, 2020, at which Plaintiff appeared in person, to discuss certain discovery issues.  [Filing No. 83.]  The Court held a telephonic status conference with the Plaintiff and counsel for Defendant on July 7, 2021, at which time Plaintiff indicated that she was wrapping up her discovery efforts.  [Filing No. 138.]  Plaintiff's Motion does not discuss the nature of the discovery she seeks to complete, other than description of "three subpoenas for documents outstanding which may require additional discovery actions." [Filing No. 140.]

Plaintiff appears to be confused about the nature of different kinds of discovery—*i.e.*, liability versus expert versus damages—which has led to some confusion over discovery deadlines. While Plaintiff's *pro se* status does not excuse Plaintiff from complying with discovery deadlines, *see Shadle v. First Fin. Bank, N.A.*, 2009 WL 3787006, at *3 (N.D. Ind. Nov. 10, 2009), the Court finds good cause to briefly extend the discovery deadline so that the already served subpoenas can be completed.  The Court also observes that no trial date has been set.

For the reasons above, the Court **GRANTS IN PART** Plaintiff's Motion, [140], to the extent that Plaintiff may have a short extension until **August 13, 2021** to complete any remaining discovery.  The Motion is **DENIED** in all other respects.

Date: 7/29/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to: all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Stephanie Patterson
1203 E. Polk Street
Indianapolis, Indiana  46202